UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN E. GIBSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:98CV398 RWS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on Gibson's pro se Motion to Set Aside Judgment Pursuant to Fed. R. Civ. P. 60(b) [#21]. The motion is without merit and will be denied.

Gibson was convicted by a jury on August 16, 1995, on charges relating to the distribution and possession with intent to distribute heroin. Gibson was sentenced to 240 months of incarceration.

Gibson subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255. I denied Gibson's § 2255 motion on December 3, 1999. On September 29, 2000, the United States Court of Appeals for the Eighth Circuit denied Gibson's application for a certificate of appealability.

It is unclear from Gibson's motion whether he is requesting that I vacate the Judgment in which I denied his motion to vacate under § 2255 or whether he is requesting that I vacate the Judgment in the underlying criminal case. In either event, the motion should be denied.

The alleged error Gibson wishes the Court to correct under Fed. R. Civ. P. 60(b) is that his sentence was imposed in violation of the rule announced in United States v. Booker, 125 S. Ct. 738 (2005). This is not within the proper scope of Fed. R. Civ. P. 60(b). Gibson's motion is

more properly taken as a successive § 2255 motion.

Rule 9 of the Rules Governing § 2255 Proceedings requires that Gibson obtain an order from the United States Court of Appeals for the Eighth Circuit before filing a successive § 2255 motion.  He has not done so.  As a result, I lack jurisdiction to grant the requested relief. However, even if I had jurisdiction, the motion would be denied because "the 'new rule' announced in <u>Booker</u> does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." <u>Never Misses a Shot v. United States</u>, 413 F.3d 781, 783 (8th Cir. 2005).

Finally, if Gibson intended that I read his motion as one to correct the Judgment in the underlying criminal case, it should be denied because I do not have the authority under Fed. R. Civ. P. 60(b) to amend judgments in criminal cases.

Accordingly,

**IT IS HEREBY ORDERED** that Gibson's pro se Motion to Set Aside Judgment Pursuant to Fed. R. Civ. P. 60(b) [#21] is **DENIED**.

Dated this 3rd day of January, 2005.

                                                                                        _____
                                                                                        RODNEY W. SIPPEL
                                                                                        UNITED STATES DISTRICT JUDGE